Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| DR. LUIS NOVOA<br><br>Demandante-Peticionario<br><br><br>Vs.<br><br><br>GUAYNABO GROUP, INC.<br><br><br>Demandado-Recurrido | TA2026CE00231 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. GB2025CV00009<br><br>Sala: 501<br><br>Sobre: Injunction (Entredicho Provisional), Injunction Preliminar y Permanente |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparece la parte peticionaria, el doctor Luis Novoa, solicita la revisión de dos órdenes interlocutorias emitidas durante el proceso de descubrimiento de prueba. La primera la *Orden* emitida y notificada el 21 de enero de 2026, mediante la cual el Tribunal de Primera Instancia, Sala de Bayamón sancionó al peticionario al prohibir el uso de algunas piezas de evidencia documental por su reiterado incumplimiento con varias órdenes del tribunal. La segunda determinación interlocutoria corresponde a la *Orden* emitida y notificada el 22 de enero de 2026, en la orden el foro primario dio por admitido ciertos requerimientos de admisiones.

Por los fundamentos dispuestos en esa resolución, *denegamos* la expedición del recurso solicitado.

**-I-**

En el contexto de la presente disputa contractual, la parte peticionaria fue sancionada por el foro de primera instancia por su incumplimiento con órdenes relacionadas con la diligencia en el descubrimiento de prueba entre las partes. El 21 de enero de 2026, el foro recurrido dictó una orden, bajo la Regla 34.3 (b)(2) de Procedimiento Civil, mediante la cual prohibió al peticionario presentar prueba responsiva no producida en respuesta al *Primer Pliego de Interrogatorio y Requerimiento de Producción de Documentos* notificado por la parte recurrida, el Professional Hospital Guaynabo.

El 22 de enero de 2026, el foro de primera instancia concedió una moción promovida por la parte recurrida. En el escrito el hospital solicitó la admisión como indiscutibles de unos requerimientos incluidos en el *Primer Pliego de Requerimiento de Admisiones*. La solicitud de reconsideración presentada por el peticionario fue denegada por el tribunal. Inconforme, comparece ante este tribunal apelativo y señala los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN AL EXCLUIR LA PRUEBA DOCUMENTAL NO PRODUCIDA Y DAR POR ADMITIDOS LOS REQUERIMIENTOS DE ADMISIONES 9, 17, 19, 20 Y 21 COMO PRIMERA SANCIÓN, CUANDO ESTE TIPO DE SANCIÓN DEBE SER LA ÚLTIMA SANCIÓN PROVISTA POR EL HONORABLE TRIBUNAL A UNA PARTE QUE NO HA CUMPLIDO CON ALGUNA ORDEN DEL TRIBUNAL.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN AL EXCLUIR LA PRUEBA DOCUMENTAL NO PRODUCIDA Y DAR POR ADMITIDOS LOS REQUERIMIENTOS DE ADMISIONES 9, 17, 19, 20 Y 21 CUANDO CUALQUIER OMISI[Ó]N O INCUMPLIMIENTO ES COMPLETAMENTE ATRIBUIBLE A LA REPRESENTACI[Ó]N LEGAL DEL DEMANDANTE Y NO AL DEMANDANTE.

La parte recurrida compareció mediante alegato escrito. Por ello, disponemos del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el derecho aplicable.

## -II-

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 DPR __ (2025); establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### *-III-*

El estudio preciso del expediente nos mueve a no intervenir con las órdenes recurridas. A nuestro juicio, los pronunciamientos son el producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Nada nos sugiere que, en el ejercicio de tales prerrogativas, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado.

### *-IV-*

Por los fundamentos antes expuestos, *denegamos* expedir el recurso extraordinario promovido. El Tribunal de Primera Instancia puede continuar el caso sin necesidad de espera por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 DPR __ (2025).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones